UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-758-H

MARK KOROLUK                                                                    PLAINTIFF

V.

ERIC FANNING, in his official capacity as                                       DEFENDANT
Acting Secretary, Dept. of the Air Force

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Mark Koroluk, challenges the decision of various military officials to disenroll him from the Air Force ROTC cadet program at the University of Louisville. His Amended Complaint alleges six causes of action: (1) Equal Protection: Sex; (2) Equal Protection: Class of One; (3) Procedural Due Process; (4) Substantive Due Process; (5) Administrative Procedures Act (the "APA"); and (6) Tucker Act. This Court previously granted Defendant's motion to dismiss the first four claims, leaving only Plaintiff's APA and Tucker Act claims. *See Koroluk v. Fanning*, No. 3:13-CV-758, 2014 WL 3586554 (W.D. Ky. July 17, 2014). Defendant now asserts that the Court lacks subject matter jurisdiction over Plaintiff's remaining two claims and has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

I.

The Court begins with the Tucker Act. The specific statute cited in Plaintiff's Amended Complaint—28 U.S.C. § 1491—grants exclusive jurisdiction to the Court of Federal Claims, and Plaintiff has conceded as much. Plaintiff claims the proper remedy for this Court's lack of jurisdiction is not dismissal, but transfer to the Court of Federal Claims. The Court finds no authority for such a request. "The Tucker Act, of course, is itself only a jurisdictional statute; it

does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). To invoke this jurisdiction, Plaintiff must base his claim upon a money-mandating Constitutional provision, statute, or regulation. *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). It is not clear from the pleadings or Plaintiff's brief (1) what substantive right he seeks to enforce under this statute or (2) whether he seeks money damages. And even if Plaintiff had developed these arguments, 28 U.S.C. § 1500 precludes the Court of Federal Claims from hearing cases arising from the same set of facts as a case in another court. Without any evidence in the record suggesting that the Court of Federal Claims could hear this case, the Court will dismiss this claim and deny Plaintiff's request for transfer.

## II.

Next, the Court considers Plaintiff's two remaining claims under the APA: (1) the Air Force's decision to disenroll him was arbitrary and capricious; and (2) the Air Force failed to follow its own procedures before making its disenrollment decision. Defendant makes some potentially persuasive arguments on the merits of both issues in its reply brief, but those will have to wait for another time. This is a Rule 12(b)(1) motion where Defendant only challenged this Court's subject matter jurisdiction.

A motion to dismiss under Rule 12(b)(1) may present either a facial or factual attack on subject matter jurisdiction. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990). Defendant brings a factual attack, which "merely questions the sufficiency of the pleading." *Id.* at 325. "In reviewing such a facial attack, a trial court takes the allegations in the complaint as true . . . ." *Id.* Plaintiff bears the burden of demonstrating jurisdiction. *Moir v. Greater Cleveland Regional Transit Authority*, 894 F.2d 266, 269 (6th Cir. 1990).

2

The crux of Defendant's argument is that the "practical effect" of forcing the Air Force to place Plaintiff back in the AFROTC program would be tantamount to forcing the President to grant him a commission as a military officer. Of course, this Court has no authority to commission an officer in the military, and military appointments are not subject to judicial review. *Orloff v. Willoughby*, 345 U.S. 83, 94 (1953). Courts give great deference to the military's exercise of discretion in handling personnel matters. *See, e.g.*, *Goldman v. Weinberger*, 475 U.S. 503 (1986). "[T]he special character of the military requires civilian authorities to accord military commanders some flexibility in dealing with matters that affect internal discipline and morale." *Rostker v. Goldberg*, 453 U.S. 57, 65 (1981). This is because the Constitution vests "[t]he complex, subtle and professional decisions as to the composition, training, equipping, and control of a military force" in the legislative and executive branches. *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973). Moreover, "it is difficult to conceive of an area of governmental activity in which the courts have less competence." *Id.*

But deference and justiciability are two different issues. Though courts must give the military great deference, this does not mean that any claims relating to military personnel decisions are nonjusticiable. In fact, several courts of appeals have rejected Defendant's argument that there is a general prohibition on suits for injunctive relief regarding internal military personnel disputes. *See, e.g.*, *Hanson v. Wyatt*, 552 F.3d 1148, 1153 (10th Cir. 2008); *Jorden v. Nat'l Guard Bureau*, 799 F.2d 99 (3d Cir. 1986). And contrary to Defendant's claim, Plaintiff has made clear in his brief and in a prior conference that he is not seeking a military commission; rather, he seeks to enjoin what he claims is an arbitrary and capricious disenrollment where the Air Force failed to follow its own procedures.

III.

Defendant raises several new arguments to support dismissal on the merits in its reply brief. But reply briefs "do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)). Defendant filed a Rule 12(b)(1) motion on subject matter jurisdiction; Plaintiff refuted the arguments in its response to that motion; in its reply, Defendant quoted the AFROTC regulations and documents from Plaintiff's disenrollment at length before concluding that "[t]his action should be summarily dismissed for Plaintiff's failure to state a claim upon which relief may be granted." These could be good arguments, but Defendant raised them when Plaintiff could not respond. The claim is potentially justiciable; the Court will consider its merits at a more appropriate time.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's claim under the Tucker Act (Count 6 of his Amended Complaint) is DISMISSED.

IT IS FURTHER ORDERED that Defendant's Rule 12(b)(1) motion to dismiss Plaintiff's APA claim (Count 5) is DENIED at this time.

The Court will set a conference in the near future.

cc: Counsel of Record