UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-758-JHM-CHL

**MARK KOROLUK,**                                                                                   **Plaintiff,**

v.

**ERIC FANNING,**
Acting Secretary, Department of the Air Force                                  **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion of Plaintiff Mark Koroluk ("Plaintiff") for leave to take additional discovery ("Motion"). (DN 44.) Plaintiff requests that the Court permit him to take the deposition of Colonel Kevin J. Raybine ("Col. Raybine"). Plaintiff contends that it is necessary for him to depose Col. Raybine in order to "complete the administrative record" in this case. (*Id.* at 1.) Defendant Eric Fanning, in his capacity as Acting Secretary, Department of the Air Force ("Defendant") has filed a response ("Response") (DN 45) to the Motion, and Plaintiff has filed a reply ("Reply"). (DN 46.) For the following reasons, Plaintiff's Motion is DENIED.

**Background**

**1. Motion for Additional Discovery**

Plaintiff contends that the "undisputed facts," supported by the administrative record,[1] are that he was disenrolled from the Air Force Reserve Officer Training Corps ("AFROTC") program at the University of Louisville due to purported "multiple alcohol related incidents."

---

[1] The administrative record in this case was filed under seal pursuant to an agreed order filed by Plaintiff and Defendant and entered by the Court. (*See* DN 43.) The Court concludes that the instant Memorandum Opinion and Order need not be filed under seal, as it does not contain the "sensitive information" or "personal identification information" contained in the administrative record and about which the parties raised mutual concerns. (*Id.*)

(DN 44 at 1.) Plaintiff contends that the administrative record demonstrates that Defendant can point to only *two* alcohol related incidents, the first of which occurred in November 2009, before he joined the AFROTC. (*Id.*) According to Plaintiff, Defendant has alleged that it "waived" the November 2009 when Plaintiff was permitted to enter the AFROTC. (*Id.*)

Plaintiff asserts that if permitted to testify, Col. Raybine "will verify that [Plaintiff] was not given notice or a hearing regarding the alleged incidents for which he was disenrolled and was denied the opportunity to be heard on this matter prior to his disenrollment." (*Id.* at 2.) Plaintiff contends that Col. Raybine will provide "crucial" testimony as to at least three factual issues: (1) that there was no alcohol-related incident in November 2009, and relatedly, that the Air Force has deliberately mischaracterized that incident in order to support his disenrollment; (2) that there was no "waiver" of the November 2009 incident prior to Plaintiff's ROTC enrollment; and (3) that Defendant ordered Plaintiff's disenrollment due to a "completely fabricated and unsubstantiated allegation" that he was involved in a sexual assault. (*Id*.) Plaintiff maintains that Col. Raybine's testimony is necessary to "complete the record" and will allow the Court to determine whether Plaintiff's disenrollment violated Defendant's procedures and the Administrative Procedure Act ("APA").

### 2. Defendant's Response

Defendant argues in the Response that because Plaintiff's only remaining claim in this case is based on the APA, it would be improper to allow Plaintiff to take discovery beyond the scope of the administrative record. Specifically, Defendant claims that the only remaining issue in this case is the legal determination of whether the AFROTC's decision to disenroll Plaintiff was "arbitrary and capricious," and as such, the Court's review is limited to the administrative

record in existence at the time the AFROTC made its decision. (DN 45 at 2.) Defendant argues that Plaintiff has not shown the existence of any exceptional circumstances that would justify the Court's review going beyond the administrative record.

Further, Defendant argues that the Motion is based on mere assertions by Plaintiff, unsupported by the administrative record, as to Col. Raybine's expected testimony. Defendant emphasizes that Col. Raybine was not the decision-maker who determined that Plaintiff would be disenrolled, and that Col. Raybine could make only subjective assessment of the intentions of those who actually made the disenrollment decision. (DN 45 at 4.) Defendant maintains that whether or not certain sexual assault allegations were fabricated is irrelevant because the basis for Plaintiff's disenrollment was violation of AFROTC alcohol policy. (*Id.* at 3 n.2.) Defendant disputes Plaintiff's contention that the AFROTC waived any alcohol violation, and argues that in any event, a waiver of the November 2009 incident is not at issue because both the administrative record and Plaintiff's filings with the Court demonstrate that Plaintiff engaged in multiple violations of the AFROTC alcohol policy. (*Id.* at 4.)

Finally, Defendant contends that The November 2009 incident is relevant because it demonstrates that Plaintiff was formally trained on the alcohol policy and that he expressed a commitment to abide by the policy. (DN 45 at 6.) However, Defendant argues, the record displays sufficient evidence of alcohol policy violations to support the disenrollment regardless of whether the November 2009 incident was waived. (*Id.*)

### 3. Plaintiff's Reply

The thrust of Plaintiff's Reply (DN 46) is that the Court has discretion to expand or supplement the administrative record. Plaintiff argues that the need for "background

information," recognized by the Sixth Circuit as one ground for permitting discovery beyond the administrative record in cases governed by the APA, is precisely the reason he seeks to depose Col. Raybine.

Plaintiff believes this justification for his disenrollment is pretextual, and that the "real reason" he was disenrolled was his being "accused of, initially investigated for, and found not to have engaged in" a sexual assault. (*Id.* at 2 n.1.) Plaintiff claims that the dates of the two incidents cited by Defendants were October 30, 2009 and December 18, 2010, and that affidavits submitted by Col. Raybine and Captain Stacey Swanson ("Capt. Swanson") following an investigation of the October 30, 2009 incident "make clear that [he] was not an AFROTC cadet at the time of the incident, was not accused of drinking, was not disciplined, and that the counseling provided to him was not intended as discipline and was not to serve as the basis for later sanctions." (*Id.* (citation omitted).) He further argues that the administrative record shows that Defendant has claimed that Col. Raybine waived the October 2009 incident, but Col. Raybine made clear that the incident did not rise to the level of a waivable offense and therefore did not require any waiver in order for Plaintiff to become a cadet. (*Id.* (citation omitted).)

## Discussion

### 1. Legal Standard

As a result of the Court's previous rulings on two motions to dismiss filed by Defendants, Plaintiff's only remaining claim is under the APA. (*See* DN 22 (dismissing Plaintiff's four *Bivens* constitutional claims); DN 34 (dismissing Plaintiff's Tucker Act claim).) "The APA requires courts to 'review the whole record or those parts of it cited by a party.'" *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) (quoting 5 U.S.C. § 706). "As a general matter, 'courts

confine their review to the administrative record,' which 'includes all materials compiled by the agency that were before the agency at the time the decision was made.'" *Id.* (quoting *James Madison Ltd. Ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (internal quotes omitted); *see also Charter Twp. Van Buren v. Adamkus*, 1999 U.S. App. LEXIS 21037, *13-14 (6th Cir. 1999) ("When a court reviews an agency action under the APA, the focus of the review should be the 'administrative record already in existence, not some new record made initially in the reviewing court.'") (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

There are, however "[s]everal reasons" that may "justify supplementation of the administrative record, such as when an agency deliberately or negligently excludes certain documents, or when the court needs certain 'background information' in order to determine whether the agency considered all of the relevant factors.'" *Sierra Club*, 120 F.3d at 638 (quoting *James Madison*, 82 F.3d at 1095) (additional quotations omitted). Additionally, the Sixth Circuit requires that in order to justify supplementation, a plaintiff must make a strong showing of bad faith. *Id.*; *James Madison*, 82 F.3d at 1095 (stating same).

The Supreme Court has stated that "inquiry into the mental processes of administrative decisionmakers is usually to be avoided." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (citing *United States v. Morgan*, 313 U.S. 409, 422 (1941). In *Charter Township of Van Buren v. Adamkus* ("*Charter Twp.*"), the plaintiff requested that the district court grant him leave to depose certain agency officials. The Sixth Circuit noted that courts have discretion to permit plaintiffs to "conduct discovery depositions of agency officials when there are grounds to suspect bad faith or improper behavior not apparent from the administrative record." *Charter Twp.*, 1999 U.S. App. LEXIS 21037 at *15 (citing *Citizens to Preserve*

5

*Overton Park v. Volpe*, 401 U.S. 402, 420-21 (1971); *Community Fed. Savings and Loan Ass'n v. Federal Home Loan Bank Bd.*, 96 F.R.D. 619, 621 (D.D.C. 1983). The court further stated that, "[t]o overcome the presumption of validity of agency action . . . the plaintiff must show specific facts indicating that the challenged action was reached because of improper motives." *Id.* at *16 (citing *Friends of the Shawangunks, Inc. v. Watt*, 97 F.R.D. 663, 667-68 (N.D.N.Y. 1983)). The Court concluded that the two statements offered by the plaintiff as evidence of improper motive "simply f[e]ll short of th[e] requirement." *Id.* Finally, the Sixth Circuit rejected the plaintiff's argument that based on a decision of the Ninth Circuit, *Public Power Council v. Johnson*, 674 F.2d 791 (9th Cir. 1982), an *allegation* of bad faith, rather than a *showing* of bad faith, is sufficient to justify deposing an agency official. *Id.* at *16-17 (holding that the Ninth Circuit "did not abandon the general rule that a showing of bad faith is required for deposing agency officials" and that no exceptional circumstances existed that "would support abandonment of the bad faith requirement").

### 2. Application to this Case

Based on the standard set forth above, in order to overcome the presumption that Defendant's actions were valid and justify an order of the Court granting Plaintiff leave to depose Col. Raybine, Plaintiff must show – not merely allege – specific facts indicating that the challenged action was reached because of bad faith or improper motive. *See Charter Twp.*, 1999 U.S. App. LEXIS 21037 at *16. Plaintiff argues that Col. Raybine's testimony would refute Defendant's purported justification for disenrolling Plaintiff. Specifically, in the Motion, Plaintiff states that Col. Raybine would testify that (1) "there was in fact no alcohol related incident regarding the plaintiff in November[] 2009, and that the Air Force has *deliberately*

6

*mischaracterized that incident in order to support his disenrollment;*" (2) that there was no official waiver of the alleged November 2009 incident prior to Plaintiff's enrollment in the AFROTC program; and (3) Defendant directed that Plaintiff be disenrolled due to a "completely fabricated and unsubstantiated allegation that he had been involved in a sexual assault." (DN 44 at 2 (emphasis added).) Plaintiff further contends that he was disenrolled "immediately following a finding that the alleged sexual assault was unsubstantiated" and that Defendant did not permit him an opportunity to present evidence about the alleged alcohol-related incidents. (*Id.*) Defendant argues that the administrative record contains multiple evidence of alcohol violations by Plaintiff, whereas the relevant policy allows for disenrollment as a result of only one such violation. (*See generally* DN 45.) Plaintiff contends in his Reply that Col. Raybine can provide testimony as to the circumstances underlying Plaintiff's disenrollment, and that such information may help the Court determine whether the disenrollment decision was arbitrary and capricious. (*See generally* DN 46.)

The following observations by the District Court for the District of Columbia are well-taken:

> Not only must the integrity of the administrative process be protected, but public policy requires that the time and energies of public officials be conserved for the public's business to as great an extent as may be consistent with the ends of justice in particular cases. Considering the volume of litigation to which the government is a party, a failure to place reasonable limits upon private litigants' access to responsible government officials as sources of routine pre-trial discovery would result in a severe disruption of the government's primary function.

*Cmty. Fed. Sav. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 96 F.R.D. 619, 621 (Dist. D.D.C. 1983).

"[B]ald assertions of bad faith are insufficient to require agency officials to submit to depositions." *Charter Twp.*, 1999 U.S. App. LEXIS 21037 at *17 (quoting *Friends of the Shawangunks, Inc. v. Watt*, 97 F.R.D. 663, 667-68 (N.D.N.Y. 1983)). In this case, Plaintiff identifies with some specificity his expectation as to Col. Raybine's testimony if he were to be deposed. However, Plaintiff does not identify, in either the Motion or the Reply, any documentary basis, within or outside of the administrative record, which supports this anticipated testimony. *See, e.g.*, *Coalition for the Advancement of Reg'l Transp. V. FHA*, 576 Fed. Appx. 477, 487 (6th Cir. 2014) (finding that "the district court properly rejected plaintiff's numerous examples of 'bad faith' because the evidence offered could not support a finding that defendants engaged in misconduct"). Plaintiff mere allegations, however fervently stated, that Defendant deliberately mischaracterized the purported alcohol-related incidents and that the true basis for disenrollment was allegations of sexual assault, are insufficient to justify permitting discovery in this case to go beyond the administrative record. *See, e.g.*, *Friends of the Shawangunks, Inc.*, 97 F.R.D. at 667-68 (refusing to permit depositions of agency officials despite the plaintiff pointing to a letter and intra-agency memorandum containing statements that allegedly showed bad faith).

At this juncture, it is not the Court's task to assess the merits of Plaintiff's APA claim. Nonetheless, it is appropriate to make certain observations regarding the administrative record as it relates to the Motion. The administrative record in this case spans some 640 pages and contains a substantial number of records related to Plaintiff's history with AFROTC programs at two educational institutions over a period of approximately four years. Defendant contends that the administrative record contains ample evidence of multiple alcohol policy violations by Plaintiff. Defendant further argues that Col. Raybine was not the decision-maker regarding

Plaintiff's disenrollment.  Plaintiff does not dispute that the administrative record contains the documentary basis for Defendant's purported reason for the disenrollment, the alcohol policy violations, and he contends that the administrative record includes a finding that the allegation of sexual assault was unsubstantiated.  The Court finds that Plaintiff has not "presented [] information from which the Court could conclude that . . . [Col. Raybine has] any unique personal knowledge concerning the decision" to disenroll him.  *Cmty. Fed. Sav. & Loan Ass'n* 96 F.R.D. at 621.

Based on the foregoing, the Court concludes that Plaintiff has failed to show that Col. Raybine's anticipated testimony would provide a necessary supplement to the administrative record.  The Court further concludes that Plaintiff has failed to make a showing of bad faith on the part of Defendant that would justify granting Plaintiff leave to depose Col. Raybine.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Additional Discovery (DN 44) is DENIED.  Consistent with the Court's Order of January 9, 2015 (DN 38), **no later than August 24, 2015**, the parties shall JOINTLY FILE a PROPOSED BRIEFING SCHEDULE.

cc:  Counsel of record